















TKL    3/14/06    16:57

3:06-CV-00538   BURKETT V. CITY OF SAN DIEGO

*1*

*CMP.*

1  MICHAEL ANTHONY JENKINS, ESQ. (Cal. Bar No. 171958)
   JUSTIAN JUSUF, ESQ. (Cal. Bar No. 201507)
2  CASTLE, PETERSEN & KRAUSE LLP
   Attorneys at Law
3  4675 MacArthur Court, Suite 1250
   Newport Beach, California 92660
4  E-mail: atty@cpk-law.com
   Telephone:  (949) 417-5600
5  Facsimile:  (949/417-5610

6  GREGORY G. PETERSEN, ESQ. (Cal. Bar No. 77744)
   CASTLE, PETERSEN & KRAUSE LLP
7  Attorneys at Law
   8388 Vickers Street
8  San Diego, CA 92111
   E-mail: atty@cpk-law.com
9  Telephone:  (858) 300-3824
   Facsimile:  (858) 573-1574

10

11 Attorneys for Plaintiffs

12             UNITED STATES DISTRICT COURT

13           SOUTHERN DISTRICT OF CALIFORNIA

14                              **'06 CV 0538 JM    AJB**

15 BRETT H. BURKETT, ROBERT C.           CASE NO.
   BURLISON, RICHARD J. CARLSON,
16 HENRY L. CASTRO, MARTIN G. CASTRO,    **COMPLAINT FOR DAMAGES AND**
   JOHN COCHRAN  JR., ARTHUR D.          **OTHER RELIEF, AND DEMAND FOR**
17 DOHERTY  III, ANTOINE N. EL-ASSIS,    **JURY TRIAL, BASED ON:**
   DALE A. FLAMAND, MIGUEL A. GARCIA,
18 RYAN P. GAULT, KENNETH S.             **1.  FAIR LABOR STANDARDS ACT**
   HARGROVE, ROBERT W. HERZIG,               **§7(a) VIOLATIONS [29 USC §207(a)]**
19 CHARLES M. HUDGINS, ROY B. HULBERT,
   PIA A. IVERSEN, SANDRA L.             **2.  CAL. LAB. CODE §226.7**
20 LACHAPELLE, BRIAN P. LUCCHESI, RUDY       **VIOLATIONS**
   MARTINEZ, SCOTT D. NALIBOFF, ALAN
21 M. NICHOLAS, CHRISTOPHER D.           **3.  CAL. LAB. CODE §512**
   O'QUINN, FREDERICK PARENTI,               **VIOLATIONS**
22 DOUGLAS L. PICKETT, MICHAEL J.
   PRUTZMAN, SANDRA I. RAPALEE, BRET     **4.  CAL. LAB. CODE §2802**
23 A. RIGHTHOUSE, SUSAN M.                   **VIOLATIONS (PRE-JULY 2005)**
   RIGHTHOUSE, JEFFREY SALINAS,
24                                        **5.  CAL. LAB. CODE §2802**
                                              **VIOLATIONS (POST-JUNE 2005)**
25         PLAINTIFFS,
                                         **6.  BREACH OF CONTRACT**
26 VS.
                                         **7.  UNFAIR COMPETITION [CAL.**
27 CITY OF SAN DIEGO; DOE ONE THROUGH        **BUS.  & PROF. §17200]**
   10, INCLUSIVE,
28
           DEFENDANTS.

                              1

FILED

2006 MAR 13  PM 3: 03

SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

ORIGINAL

Plaintiffs allege:

1.      This is a civil action by police officers of the San Diego Police Department, seeking, among other things, the payment of overtime compensation, compensation and penalties for missed breaks, and reimbursement of work related expenses.

## JURISDICTION

2.      Jurisdiction exists under 28 U.S.C. §1331 and 29 U.S.C. §216(b).   Supplemental jurisdiction may be exercised over the state law claims under 28 U.S.C. §1367(a).  Venue is proper, pursuant to 28 U.S.C. §1391(b), because a substantial part of the acts, events or omissions giving rise to the action occurred in the present District.

## PARTIES

3.      At all times relevant to this complaint, Plaintiffs Brett H. Burkett, Robert C. Burlison, Richard J. Carlson, Henry L. Castro, Martin G. Castro, John Cochran  Jr., Arthur D. Doherty  III, Antoine N. El-Assis, Dale A. Flamand, Miguel A. Garcia, Ryan P. Gault, Kenneth S. Hargrove, Robert W. Herzig, Charles M. Hudgins, Roy B. Hulbert, Pia A. Iversen, Sandra L. LaChapelle, Brian P. Lucchesi, Rudy Martinez, Scott D. Naliboff, Alan M. Nicholas, Christopher D. O'Quinn, Frederick Parenti, Douglas L. Pickett, Michael J. Prutzman, Sandra I. Rapalee, Bret A. Righthouse, Susan M. Righthouse, Jeffrey Salinas, ("Plaintiffs") were employed by Defendant City of San Diego.

4.      Defendant City of San Diego ("Defendant City" or "City") is a political subdivision of the State of California, a local government "employer" under 29 U.S.C. §203(r), (s), and a "person" under California Business and Professions ("Bus. & Prof.") Code §17201.

5.      Plaintiffs are ignorant of the names and capacities of the individuals or entities sued herein as Doe One through 10, inclusive ("Does"), and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of the same when ascertained.  Plaintiffs are informed and believe and thereon allege that each said Defendant is responsible in some manner for the occurrences, losses and injuries alleged.

6.      At all times relevant to this Complaint, the acts and omissions of a natural person-Defendant who is or may be identified as an official, employee or agent of an entity-Defendant, was undertaken in accordance with and represents the official policies of the later or was undertaken and

2

COMPLAINT FOR DAMAGES

1 | represents the official policies or procedures of the same, for which the former is sued in both his or

2 | her individual and official capacity. At all times relevant to this Complaint, each Defendant conspired,

3 | committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise

4 | participated in one or more of the acts alleged below.

5 | **GENERAL ALLEGATIONS**

6 |     7.    At all times relevant to this Complaint, Defendants required Plaintiffs ("Peace Officers")

7 | to work, perform duties and spend time, which they did, that constituted time and hours worked, for

8 | which Defendants wilfully, voluntarily, deliberately and intentionally failed and refused to count as time

9 | and hours actually worked by Peace Officers, who in turn were not compensated at their regular,

10 | premium or overtime wage rate for, including but not limited to, the following time and hours worked

11 | ("Common Overtime Practices"):

12 |         *(A).*    Time spent preparing for, participating in and performing preshift and

13 | post-shift activities that are required, integral and an indispensable part of the work and principal

14 | activities of Peace Officers, including but not limited to preshift, post-shift and shift change briefings

15 | and related activities, preparation for roll-call, inspections, preparation, review and/or finalization of

16 | arrest and/or investigation reports, preparing, traveling and making court appearances, deployment

17 | related activities, collecting, returning, cleaning and/or maintaining equipment and/or uniforms;

18 |         *(B).*    Time spent donning, doffing, dressing-up and dressing-down of

19 | protective and/or other specialized equipment, gear and outfitting that is integral and indispensable to

20 | the work and principal activities of Peace Officers, including but not limited to getting dressed into

21 | uniform and vest, checking all equipment attached to their belt to insure that all safety equipment was

22 | functioning properly;

23 |         *(C).*    Time spent walking to and from preshift and post-shift activities, work

24 | areas, stations, the locker room, roll-call, the briefing room, the equipment room, posts and patrol

25 | vehicles;

26 |         *(D).*    Time spent working during meal, rest break and free-time periods that

27 | were predominantly for the Defendants' benefit, during which time Peace Officers were not completely

28 | relieved of duty.

8.    At all times relevant to this Complaint, each Plaintiff has incurred necessary expenditures in direct consequence of the discharge of his or her duties and/or in obedience to the directions of Defendants, who systematically, knowingly and wilfully or otherwise failed and refused to fully reimburse and/or indemnify Plaintiffs, and otherwise systematically, knowingly and wilfully taxed each partial reimbursement of work related expenses paid to the same, including but not limited to the following:

   (A).    No reimbursement of expenditures during the first year of employment, incurred in purchasing, maintaining and/or cleaning uniforms, weapons, ammunition, gear, safety equipment, and cleaning and lubricating supplies, mileage, fuel, wear and tear on personal vehicles, and parking fees, associated with traveling to court ("Common Work Expense Reimbursement Practices");

   (B).    Taxing partial reimbursements for the purchase and maintenance of uniform pants, tie, belt, shirt, holster, ammunition pouch, and pistol belt keepers ("Common Reimbursement Taxing Practices").

9.    At all times relevant to this Complaint, Defendants adopted, followed and promoted policies and procedures that have resulted in their refusal and/or failure to accurately record, keep and maintain time and wage records required by federal and state law ("Common Record Keeping Practices").

10.    As of July 1, 2005, the City's tentative labor-management agreement with the employee organization representing Plaintiffs, that became an enforceable contract after being adopted by the City's governing body, expired ("Expired-MOU").

11.    Under the Expired-MOU, the City excluded Peace Officers from any partial exemption from §7(a) of the Fair Labor Standards Act.

12.    The intent of the parties to the Expired-MOU was that the internal grievance procedure under the same is optional *and* limited in scope to the interpretation or application of a particular term of the same. Plaintiffs are otherwise excepted from the internal grievance procedure because (1) the subject of this controversy lies outside the City's authority, (2) pursuit of a grievance would result in irreparable harm, (3) the grievance remedy would be inadequate, (4) the outcome of the grievance remedy is already known, rendering the grievance procedure futile, (5) this controversy involves

1 | constitutional rights and matters of important public policy, and/or (6) this controversy involves a class

2 | action.

3 | 13. Plaintiffs are not parties to the Expired-MOU, but are the intended beneficiaries of the

4 | same.

5 | 14. Each Peace Officer entered into a separate hiring agreement with the City, which do

6 | not contain a provision that mandates the following grievance procedure under the Expired-MOU or

7 | otherwise.

8 | 15. At all times relevant to this Complaint, Defendants required Peace Officers to work,

9 | perform duties and spend time, which they did, that constituted time and hours worked under the

10 | Expired-MOU, for which Defendants wilfully, voluntarily, deliberately and intentionally failed and

11 | refused to count as time and hours actually worked by Peace Officers, who in turn were not

12 | compensated at their regular, premium or overtime wage rate for time and hours worked under

13 | Common Overtime Practices ("Common Expired-MOU Overtime Practices").

14 | **FIRST CLAIM FOR RELIEF**

15 | **FLSA §7(a) Violations**

16 | [29 U.S.C. §207(a)]

17 | Against all Defendants

18 | 16. Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully stated

19 | here.

20 | 17. Under the Fair Labor Standards Act of 1938 and the Portal to Portal Act of 1947 [29

21 | U.S.C. §§201-219, 251-262], and applicable amendments, regulations and case law, including but not

22 | limited to *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005) ("FLSA"), each covered employer, such as

23 | Defendant City, is required to compensate each nonexempt employee, such as Plaintiffs, for all time

24 | spent and activities that are an integral and indispensable part of the employee's principle activities,

25 | suffered or permitted by the employer, and all hours worked.

26 | 18. Each Defendant's acts, omissions and Common Overtime Practices constitute wilful,

27 | voluntary, deliberate or intentional violations of FLSA §7(a) [29 U.S.C. §207(a)] by failing and refusing

28 | to count all time and hours actually worked by Peace Officers, for which they were not compensated

1  at their regular, premium or overtime wage rate.

2      19.    As a result of each Defendant's violations, Plaintiffs seek and are entitled to the

3  following: *(a)* For recovery of unpaid overtime compensation and an additional equal amount as

4  liquidated damages, as set forth under FLSA §16(b) [29 U.S.C. §216(b)]; *(b)* For an award of costs and

5  reasonable attorney fees, as set forth under FLSA §16(b) [29 U.S.C. §216(b)]; *(c)* For prejudgment

6  interest; and *(d)* For other relief deemed just and proper.

7  **SECOND CLAIM FOR RELIEF**

8  **Lab. Code §226.7 Violations**

9  Against all Defendants

10      20.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully stated

11  here.

12      21.    Under Lab. Code §226.7, employers, such as Defendant City, are *prohibited* from

13  requiring any employee, such as Plaintiffs, to work during any meal or rest period mandated by Wage

14  Order 17-2001 [8 C.C.R. §11170] of the Industrial Welfare Commission.

15      22.    Each Defendant's acts, omissions and Common Overtime Practices constitute violations

16  of Lab. Code §226.7, for which Plaintiffs seek and are entitled to the following: *(a)* For recovery of one

17  additional hour of pay for each current or former employee, at his or her regular rate of compensation,

18  for each work day that a meal or rest period was not provided; *(b)* For an award of reasonable attorney

19  fees, as set forth under California Code of Civil Procedure ("C.C.P.") §1021.5; *(c)* For an award of

20  prejudgment interest; *(d)* For an award for costs of suit; and *(e)* For other relief deemed just and proper.

21  **THIRD CLAIM FOR RELIEF**

22  **Lab. Code §512 Violations**

23  Against all Defendants

24      23.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully stated

25  here.

26      24.    Under Lab. Code §512, employers, such as Defendant City, are *prohibited* from

27  requiring any employee, such as Plaintiffs, *to (a)* work more than five hours per day without providing

28  the employee with a meal period of not less than 30 minutes *or (b)* work more than 10 hours per day

1  without providing the employee with a second meal period of not less than 30 minutes.

2      25.    Each Defendant's conduct alleged above constitutes violations of Lab. Code §512, for

3  which Plaintiffs seek and are entitled to the following: *(a)* For recovery of underpaid regular, overtime

4  and premium rate wages; *(b)* For recovery of $50 for each initial violation, and $100 for each

5  subsequent violation, for each employee for each pay period where the employee failed to receive

6  compensation for working during a meal period, as set forth under Lab. Code §558; *(c)* For an award

7  of reasonable attorney fees, as set forth under C.C.P. §1021.5; *(d)* For an award of prejudgment interest;

8  *(e)* For an award of costs of suit; and *(f)* For other relief deemed just and proper.

9  **FOURTH CAUSE OF ACTION**

10  **Labor Code §2802 Violations**

11  **(Pre-July 2005)**

12  Against all Defendants

13      26.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully stated

14  here.

15      27.    Under Lab. Code §2802, each employer, such as Defendant City, is required to

16  reimburse or indemnify each employee, such as Plaintiffs, for expenditures incurred in direct

17  consequence of the discharge of his or her duties or in obedience to the employer's directions.

18      28.    Each Defendant's acts, omissions and Common Work Expense Reimbursement Practices

19  prior to July 1, 2005 constitute violations of Lab. Code §2802, for which Plaintiffs seek and are entitled

20  to the following: *(a)* For reimbursement and indemnity for all expenditures incurred in direct

21  consequence of the discharge of duties or in obedience to directions; *(b)* For reasonable attorney fees,

22  as set forth under Lab. Code §2802 and C.C.P. §1021.5; *(c)* For prejudgment interest and costs of suit;

23  and *(d)* For other relief deemed just and proper.

24  **FIFTH CAUSE OF ACTION**

25  **Labor Code §2802 Violations**

26  **(Post-June 2005)**

27  Against all Defendants

28      29.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully stated

7

1  here.

2    30.    Under Lab. Code §2802, each employer, such as Defendant City, is required to

3  reimburse or indemnify each employee, such as each Plaintiffs, for expenditures incurred in direct

4  consequence of the discharge of his or her duties or in obedience to the employer's directions.

5    31.    Each Defendant's acts, omissions and Common Work Expense Reimbursement Practices

6  after June 30, 2005 constitute violations of Lab. Code §2802, for which Plaintiffs seek and are entitled

7  to the following: *(a)* For reimbursement and indemnity for all expenditures incurred in direct

8  consequence of the discharge of duties or in obedience to directions; *(b)* For reasonable attorney fees,

9  as set forth under Lab. Code §2802 and C.C.P. §1021.5; *(c)* For prejudgment interest and costs of suit;

10  and *(d)* For other relief deemed just and proper.

11                              **SIXTH CLAIM FOR RELIEF**

12                                   **Breach of Contract**

13                                   Against all Defendants

14    32.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully stated

15  here.

16    33.    Each Defendant's acts, omissions, Common Reimbursement Taxing Practices and

17  Common Expired-MOU Overtime Practices constitute a breach of the Expired-MOU, for which

18  Plaintiffs have not opted, and were not required, to file an internal grievance.

19    34.    As a direct and proximate result of each Defendant's breach, Plaintiffs have suffered

20  injury, loss and damages, for which Plaintiffs seek and are entitled to the following:  *(a)* For the

21  recovery of general and special damages, according to proof; *(b)* For an award of prejudgment interest;

22  *(c)* For an award of costs of suit; and *(d)* For other relief deemed just and proper.

23                             **SEVENTH CLAIM FOR RELIEF**

24                                  **Unfair Competition**

25                               [Bus. & Prof. Code §17200]

26                                   Against all Defendants

27    35.    Plaintiffs allege and incorporate by reference the preceding paragraphs as if fully stated

28  here.

COMPLAINT FOR DAMAGES

36.   Each Defendant's acts, omissions, violations of law and breach of contract constitute separate unlawful and unfair competition and business practices prohibited under Bus. & Prof. Code §17200, *et seq.*, according to which each Defendant is a "person" whose alleged conduct constitutes a "business practice," liability for which is not an infringement upon Defendant City's sovereign authority to provide public safety because the unlawful business practices pertain to wage and hour related rules and regulations governing employers within the State of California, for which Plaintiffs seek and are entitled to the following: *(a)* For declarative and injunctive relief, as set forth under Bus. & Prof. Code §17203; *(b)* For recovery of restitution or disgorgement of monies improperly withheld and profits unfairly obtained by Defendants; *(c)* For an award of reasonable attorney fees, as set forth under C.C.P. §1021.5; *(d)* For an award of prejudgment interest and costs of suit; and *(e)* For other relief deemed just and proper.

## DEMAND FOR JURY TRIAL

37.   Plaintiffs, on behalf of themselves, other employees similarly situated, the FLSA Collective Action Plaintiffs and the Class/Sub-Class, demand a trial by jury as provided by FRCP Rule 38(a).

## PRAYER FOR RELIEF

38.   Wherefore, Plaintiffs pray for judgment and other relief against Defendants, jointly and severally, on each claim for relief, as set forth below.

39.   On the First Claim for Relief for FLSA §7(a) violations:

*(a)* For recovery of unpaid overtime compensation and an additional equal amount as liquidated damages, as set forth under FLSA §16(b) [29 U.S.C. §216(b)];

*(b)* For an award of costs and reasonable attorney fees, as set forth under FLSA §16(b) [29 U.S.C. §216(b)];

*(c)* For prejudgment interest; and

*(d)* For other relief deemed just and proper.

40.   On the Second Claim for Relief for Lab. Code §226.7 violations:

*(a)* For recovery of one additional hour of pay for each current or former employee, at his or her regular rate of compensation, for each work day that a meal or rest period was

9

COMPLAINT FOR DAMAGES

1  not provided;

2           *(b)* For an award of reasonable attorney fees, as set forth under C.C.P. §1021.5;

3           (c) For an award of prejudgment interest;

4           *(d)* For an award for costs of suit; and

5           *(e)* For other relief deemed just and proper.

6  41.    On the Third Claim for Relief for Lab. Code §512 violations:

7           *(a)* For recovery of underpaid regular, overtime and premium rate wages;

8           *(b)* For recovery of $50 for each initial violation, and $100 for each subsequent

9  violation, for each employee for each pay period where the employee failed to receive compensation

10 for working during a meal period, as set forth under Lab. Code §558;

11          *(c)* For an award of reasonable attorney fees, as set forth under C.C.P. §1021.5;

12          *(d)* For an award of prejudgment interest;

13          *(e)* For an award of costs of suit; and

14          *(f)* For other relief deemed just and proper.

15 42.    On the Fourth Claim for Relief for Lab. Code §2802 violations (Pre-July 2005):

16          *(a)* For reimbursement and indemnity for all expenditures incurred in direct

17 consequence of the discharge of duties or in obedience to directions;

18          *(b)* For reasonable attorney fees, as set forth under Lab. Code §2802 and C.C.P.

19 §1021.5;

20          *(c)* For prejudgment interest and costs of suit; and

21          *(d)* For other relief deemed just and proper.

22 43.    On the Fifth Claim for Relief for Lab. Code §2802 violations (Post-June 2005):

23          *(a)* For reimbursement and indemnity for all expenditures incurred in direct

24 consequence of the discharge of duties or in obedience to directions;

25          *(b)* For reasonable attorney fees, as set forth under Lab. Code §2802 and C.C.P.

26 §1021.5;

27          *(c)* For prejudgment interest and costs of suit; and

28          *(d)* For other relief deemed just and proper.

COMPLAINT FOR DAMAGES

1      44.    On the Sixth Claim for Relief for breach of contract:

2            *(a)* For the recovery of general and special damages, according to proof;

3            *(b)* For an award of prejudgment interest;

4            *(c)* For an award of costs of suit; and

5            *(d)* For other relief deemed just and proper.

6      45.    On the Seventh Claim for Relief for Unfair Competition:

7            *(a)* For declarative and injunctive relief, as set forth under Bus. & Prof. Code

8 §17203;

9            *(b)* For recovery of restitution or disgorgement of monies improperly withheld

10 and profits unfairly obtained by Defendants;

11            *(c)*For an award of reasonable attorney fees, as set forth under C.C.P. §1021.5;

12            *(d)* For an award of prejudgment interest and costs of suit; and

13            *(e)* For other relief deemed just and proper.

14 Dated: March 13, 2006                      CASTLE, PETERSEN & KRAUSE LLP
15                                         Attorneys at Law

16

17                                         By: _____

18                                            Gregory G. Petersen
19                                            Michael Anthony Jenkins
                                           Justian Jusuf

20                                          Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

JS44
(Rev 07/89)

# CIVIL COVER SHEET

FILED

sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brett H. Burkett, et al. | City of San Diego; Doe One through Ten, inclusive |

2006 MAR 13  PM 3: 01

CLERK US DISTRICT COURT
SOUTHERN DIST San Diego FORNIA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

BY _____

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Castle, Petersen & Krause LLP, Attorneys at Law
4675 MacArthur Ct., Ste. 1250, Newport Beach, CA 92660
(949) 417-5600/Telephone   (949) 417-5610/Facsimile
atty@cpk-law.com

ATTORNEYS (IF KNOWN)

'06 CV 0538 JM    AJB

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 USC Section 207(a); Lab Code Section 226.7, 512, 2802; Business & Professions Code Section 17200

28:1331 f1 (TKL)

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Products Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE Dana M. Sabraw    Docket Number 05 CV 1629 DMS (JMA)

DATE  March 13, 2006    SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

PAID $250  3/13/06
BH RCPT # 122498